# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

February 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9705-CC-00163 |
| Appellee, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| STEVEN CULPS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

**FOR THE APPELLANT:**

**GEORGE MORTON GOOGE**
District Public Defender

**VANESSA D. KING**
(**at trial and of counsel on appeal**)
Assistant Public Defender
227 West Baltimore
Jackson, TN 38301-6137

**GREGORY D. SMITH**
(**on appeal**)
Contract Appellate Defender
One Public Sq., Suite 321
Clarksville, TN 37040

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JERRY WOODALL**
District Attorney General

**DONALD H. ALLEN**
Assistant District Attorney General
225 Martin Luther King Dr.
P.O. Box 2825
Jackson, TN 38302-2825

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Steven Culps, appeals the Madison County Circuit Court's order revoking his probation. The sole issue presented for review is whether the trial court erred in revoking his probation. The judgment of the trial court is affirmed.

**PROCEDURAL HISTORY**

The defendant pled guilty in October 1994 to aggravated burglary and theft of property under $500. He was sentenced to intensive probation for six (6) years and eleven (11) months twenty-nine (29) days for these offenses, respectively. The sentences were to run concurrently.

In January, February and March of 1995, the defendant tested positive for cocaine use. In April 1995, the defendant stopped making required weekly visits to his probation officer. In December 1996, a probation violation report was filed by the defendant's probation officer.

On January 1, 1997, the defendant was arrested and charged with driving under the influence, driving on a revoked license, and violating the open container and seatbelt laws. He subsequently pled guilty to these charges. By virtue of the time of day the defendant was arrested, he was also in violation of the curfew provision of his probation.

After a hearing on January 10, 1997, the trial court noted the defendant's failure to report, his illicit use of drugs, and his conviction for driving under the influence. The trial court then revoked the defendant's probation.

**STANDARD OF REVIEW**

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has

2

violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Probation revocations are subject to an abuse of discretion, rather than a *de novo* standard of review. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. Id. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

## REVOCATION OF PROBATION

The defendant contends the trial court erred in revoking his probation. The primary basis of this claim is that, because of the defendant's poor health, the trial court should have ordered only a short jail term followed again by probation. The trial court recognized the defendant's health problems and noted on the order that the sentence should be served at a special needs prison.

As stated above, this Court's standard of review of probation revocation is abuse of discretion, not *de novo*. The record reveals substantial evidence that the defendant violated the terms of his probation; therefore, this Court will not disturb the judgment of the court below.

The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

3

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**PAUL G. SUMMERS, JUDGE**